UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SETH JAMES CURRAN,

Petitioner,

v.

JEFFREY A. UTTECHT,

Respondent.

CASE NO. C19-5381 BHS

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF WRIT OF HABEAS CORPUS AND LEAVE TO EXPAND THE RECORD

This matter comes before the Court on Petitioner Seth Curran's ("Petitioner") motion for reconsideration and leave to expand the record. Dkt. 29.

On April 22, 2019, Petitioner filed a proposed petition for writ of habeas corpus. Dkt. 1; *see also* Dkt. 7 (petition for writ of habeas corpus). On July 31, 2019, the Honorable David Christel, United States Magistrate Judge, issued a Report and Recommendation ("R&R") concluding the petition should be dismissed without prejudice based on Petitioner's failure to exhaust state court remedies. Dkt. 18.

On August 11 and 14, 2019, Petitioner filed objections to the R&R. Dkts. 19, 20.

On October 7, 2019, this Court issued an order denying Petitioner's objections, adopting the R&R, and dismissing the petition without prejudice for failure to exhaust. Dkt. 22. On October 8, 2019, the Clerk of Court entered judgment. Dkt. 26.

On October 14, 2019, Petitioner appealed the judgment to the Ninth Circuit Court of Appeals. Dkts. 27, 28.

On October 24, 2019, Petitioner filed the instant motion for reconsideration and leave to expand the record. Dkt. 29.

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In his motion for reconsideration, Petitioner argues that the Court should consider his claims as exhausted because only ineffective corrective processes were available to him in state court. Dkt. 29. In support of this argument, Petitioner submits a copy of his plea agreement where he agreed to waive his right to collaterally attack his conviction. *Id.*

First, Petitioner's plea agreement is not "newly discovered" evidence. The plea agreement has been available to Petitioner since he signed it in his underlying criminal case, and at the very least, since he instituted his habeas action here. Thus, Petitioner fails to establish that newly discovered evidence merits reconsideration of his habeas petition.

Second, even if the Court does consider the plea agreement, Petitioner has failed to show that the Court erred by dismissing his petition for failure to exhaust. *Coleman v.*

*Thompson*, 501 U.S. 722, 731 (1991) (stating that a federal court must dismiss a federal habeas petition if its claims are unexhausted). 28 U.S.C. § 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." In Washington, criminal defendants have a statutory right to direct appeal and collateral attack. *See* RCW Chapter 10.73; *see also* Wash. R. App. P. §§ 2.2(a), 5.1, 6.1, 16.3, 16.4. Although Petitioner waived his right to collaterally attack his conviction in his plea agreement, presumably in exchange for the benefit of pleading guilty to lesser charges, he fails to explain how his waiver of the right demonstrates that he did not *have* the right under state law. Thus, Petitioner fails to establish clear error in the Court's dismissal of his petition.

Third, Petitioner presents several authorities which purport to support his claim that the court should consider his claims exhausted despite his failure to present them to the state court first. Dkt. 29 at 4 (citing *Allen v. Alabama*, 728 F.2d 1384 (11th Cir. 1984), *re'g granted on other grounds by* 732 F.2d 858 (11th Cir. 1984); *Johnson v. New York*, 974 F. Supp. 185 (E.D.N.Y. 1997); *Morris v. Kearney*, 390 F. Supp. 2d 422 (D. Del. 2005)). "If a petitioner presents unexhausted habeas claims to a federal court, but further state court review is procedurally barred, the federal court will excuse the failure to exhaust and treat the claims as exhausted." *Morris*, 390 F. Supp. 2d at 426 (citations omitted). However, "[a]lthough deemed exhausted, such claims are considered procedurally defaulted." *Id.* (citing *Coleman*, 501 U.S. at 749).

| | |
|---|---|
| 1 | Petitioner has not shown that his claims are procedurally barred. Washington |
| 2 | places a one-year statute of limitations on collateral attack. RCW 10.73.090. The |
| 3 | limitations period begins to run after the judgment becomes final. *Id.* Petitioner's |
| 4 | judgment was entered in January 2019. Dkt. 14-1 at 11. It is now January 2020. Thus, it |
| 5 | appears Petitioner may still be within the limitations period. Regardless, even if Petitioner |
| 6 | could show that his claims are now procedurally defaulted, it would not alter this Court's |
| 7 | conclusion that the instant petition was properly dismissed without prejudice, on the |
| 8 | record before the Court when it issued its order, for failure to exhaust state remedies. |
| 9 | *Coleman*, 501 U.S. at 731. Thus, Petitioner fails to establish that reconsideration is |
| 10 | warranted and his motion, Dkt. 29, is **DENIED.** |
| 11 | If Petitioner wishes to initiate another writ of habeas corpus, he must file a new |
| 12 | action. |
| 13 | **IT IS SO ORDERED.** |
| 14 | Dated this 17th day of January, 2020. |

*[signature]*

BENJAMIN H. SETTLE
United States District Judge